IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ROSCOE GARRIS, JR., *et al.*,       )
                                    )
       Plaintiffs,                  )
                                    )
          v.                        )      1:14cv118(JCC/JFA)
                                    )
OCWEN LOAN SERVICING, LLC, *et*     )
*al.*,                              )
                                    )
       Defendants.                  )

**M E M O R A N D U M   O P I N I O N**

       This matter is before the Court on Defendant Samuel I. White, P.C.'s ("SWPC") Motion to Dismiss.  [Dkt. 4.]  For the reasons set forth below, the Court will grant SWPC's motion and allow Plaintiffs Roscoe Garris Jr. and Doretha Wright ("Plaintiffs") to file an amended complaint.

**I. Background**

       As best the Court can discern, this case arises out of a residential foreclosure action in connection with Plaintiffs' home located in Woodbridge, Virginia.[1]  (Compl. [Dkt. 1] at 10.)

---

[1]  Although Roscoe Garris Jr. and Doretha Wright are the identified claimants, an individual named Muhammad Rashid apparently authored and submitted the pleadings in this matter.  (Compl. at 1.)  Mr. Rashid categorizes himself as a "3rd Party Intervener" and does not claim to be an attorney authorized to practice law in any jurisdiction.  (*Id.*)  Litigants in civil and criminal actions before this Court, except parties appearing *pro se*, must be represented by at least one attorney who is a member of the bar.  "Although a *pro se* party may bring suit for his own personal constitutional or other injury, generally a *pro se* litigant may not sue anyone 'on behalf of' anyone else."  *Murray v. Singhi*, No. 0:09-451-PMD-PJG, 2009 WL 2447987, at *3 (D.S.C. Aug. 7, 2009).  "The right to litigate for *oneself* . . . does not

Plaintiffs allege that several corporate entities, including their mortgage lender and SWPC (collectively "Defendants"), conspired to fraudulently foreclose on their property.[2] (*Id.* at 1, 11-15.)  According to Plaintiffs, this foreclosure action is illegal because Defendants have not presented "the GENUINE ORIGINAL PROMISSORY NOTE." (*Id.* at 12 (emphasis in original).) Plaintiffs also attack the validity of Virginia's foreclosure process, claiming that "non-judicial" foreclosure actions are *per se* illegal and encroach on their rights under the Fifth and Fourteenth Amendments to the United States Constitution.  (*Id.* at 12, 20.)  Finally, Plaintiffs allege that it is Defendants' burden to prove that the "mortgage in question was not paid-off." (*Id.* at 28.)

SWPC has now moved to dismiss this matter pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.  (Mot.

---

create a coordinate right to litigate for *others*." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original).  In light of this well-established principle, courts in this Circuit have uniformly precluded non-attorneys from litigating matters in the name of others based on claimed authority.  *See, e.g., Umstead v. Chase Manhattan Mortg. Corp.,* No. Civ.A. 7:04CV00747, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13, 2005) (ruling that, despite possessing a power of attorney, "M. Umstead, as a lay person without a license to practice, cannot represent J. Umstead in this action").  "It follows from the rule prohibiting lay representation that any pleadings filed through lay representation must be disregarded as a nullity." *Id.* at *2.  Thus, when presented with pleadings filed through lay representation, district courts generally dismiss the action void *ab initio*. *Id.*  Nevertheless, because it is extremely difficult to discern precisely what is alleged and by whom in this case, the Court will address SWPC's motion below.  The Court notes that any amended pleading filed in this matter must be submitted by a licensed attorney or Plaintiffs, *pro se*.

[2] Who is currently in possession of the identified property is unclear based upon the pleadings; however, it is apparent that some institution has at least initiated foreclosure proceedings.

to Dismiss at 1; Def.'s Mem. in Supp. [Dkt. 5] at 2.)  SWPC
argues that Plaintiffs' complaint is comprised of rambling
factual allegations and irrelevant legal citations with no
discernable structure.  (Def.'s Mem. in Supp. at 2-3.)  As such,
it fails to provide "Defendants with adequate notice of the
allegations against them."  (*Id.* at 3.)

Plaintiffs have filed a response that does not appear
to address SWPC's arguments.  (Pls.' Resp. [Dkt. 8] at 1.)
Instead, Plaintiffs further argue that SWPC "perverted the legal
system" by foreclosing on their property without proper
authority.  (*Id.* at 4.)  Plaintiffs also claim that they are
invoking "the oath of office of the presiding judge in this
case" and the "the oath of office of the district attorney in
this case."  (*Id.* at 2-3.)  While not entirely clear, Plaintiffs
appear to believe that this gives them authority to prosecute
this case and act as the presiding judge.  (*Id.*)  Finally,
Plaintiffs' response silently seeks to add several defendants,
including "Prince William County District Judge William E.
Jarvis," "Prince William County Circuit Court," and "Prince
William County Sheriff Department."  (*Id.* at 1.)

Having reviewed the parties' submissions, the Court is
satisfied that oral argument would not assist the decisional
process.  Accordingly, the Court will decide SWPC's motion on

3

the papers pursuant to Local Civil Rule 7(J) and Rule 78(b) of the Federal Rules of Civil Procedure.

## II. Standard of Review

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). This rule further necessitates that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While courts must liberally construe *pro se* complaints to address constitutional deprivations, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Guice*, No. 3:08cv35, 2008 WL 3926443, at *1 (E.D. Va. Aug. 26, 2008) (citations omitted). Protracted pleadings that consist of confusing narrative place an unjustified burden on the district court and the party who must respond. *See North Carolina v. McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004). A complaint that fails to comply with these pleading requirements is subject to dismissal

4

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *McGuirt*, 114 F. App'x at 558.

### III. Analysis

Even construing Plaintiffs' pleadings generously, as the Court must, the complaint falls far short of the minimum pleading standards of Rule 8(a)(2).  Plaintiffs' complaint is comprised of forty-five pages with no discernable structure. Much of the complaint consists of rambling narrative interspersed with irrelevant legal citations and accusations of collective and individual wrongdoing by Defendants.  (*See* Compl. at 3-9.)  In short, Plaintiffs' claims are unintelligible.  It is impossible to tell what any Defendant is alleged to have done wrong, let alone whether relief is appropriate.  Even under the liberal *pro se* pleading standards, Plaintiffs' perplexing jumble of seemingly unconnected, redundant, and immaterial facts are insufficient to make relief plausible or put Defendants on notice.  Indeed, it is hard to imagine what answer any Defendants could produce.

As the Supreme Court has explained, the pleading standards set forth under the Federal Rules of Civil Procedure should, at a minimum, accomplish two goals: (1) provide a solid basis for the plaintiff's allegations, and (2) put the defendant on notice, effectively allowing them a fair opportunity to defend themselves.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78

(2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint in this case does neither, and therefore it cannot proceed.

## IV. Conclusion

For the foregoing reasons, the Court will grant SWPC's motion.  Additionally, because the analysis set forth above is equally applicable to the non-moving defendants, the Court finds it appropriate to dismiss the complaint in its entirety.  While SWPC claims that amendment is futile in this particular case, the Court will permit Plaintiffs to file an amended complaint because they are proceeding *pro se* and this is the first time the Court is advising them that their pleadings fail to state a claim.  *See, e.g., Rodriguez v. Fairfield Police Dep't*, No. 3:04CV715 (RNC), 2004 WL 1058123, at *1 (D. Conn. May 10, 2004) ("When a court dismisses a complaint for failure to comply with Rule 8, it generally gives the plaintiff leave to amend.").  Any amended complaint must be filed within thirty-days of this decision.  If no such complaint is filed, or if the amended complaint also fails to comply with Rule 8(a)(2), this case will be dismissed without further notice.  An appropriate order will follow.

/s/
April 9, 2014                 James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE